NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUL 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ASSOCIATED INDUSTRIES
INSURANCE COMPANY, INC.,

        Plaintiff-ctr-defendant -
Appellee,

  v.

SBE ELECTRICAL CONTRACTING,
INC.,

        Defendant-ctr-claimant -
Appellant.

No. 24-4186

D.C. No.
8:23-cv-00977-FWS-KES

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Argued and Submitted July 14, 2025
Pasadena, California

Before: WARDLAW, MENDOZA, and JOHNSTONE, Circuit Judges.

    Appellant SBE Electrical Contracting, Inc. ("SBE") was insured by Appellee

Associated Industries Insurance Company, Inc. ("AIIC"). SBE contracted with

Palmer Beaudry Avenue Properties LP ("Palmer") to provide electrical contracting

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

services. As part of this work, SBE installed electrical switchgear. After SBE installed the switchgear, but before Palmer had accepted the work, the electrical room flooded repeatedly, irreparably damaging the switchgear. Palmer then terminated SBE's contract and SBE subsequently filed a demand for arbitration seeking the money Palmer allegedly owed SBE for its contractual work. Palmer counterclaimed to recover damages, alleging that SBE was liable under the contract. SBE tendered Palmer's counterclaim to AIIC. AIIC then initiated this action seeking a declaratory judgment that it owes SBE no duty to defend or to indemnify SBE against Palmer's claims. The district court agreed, holding that two policy exclusions in SBE's insurance policy—exclusions j(5) and j(6)—apply to Palmer's allegations, and granted AIIC's motion for judgment on the pleadings. SBE appeals the district court order. We have jurisdiction under 28 U.S.C. § 1291. Reviewing de novo, *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009), we affirm.

Exclusion j(6) excludes from coverage "property damage" to "[t]hat particular part of any property that must be restored, repaired or replaced because 'your work' was incorrectly performed on it." The parties do not dispute the following: first, that the switchgear is a particular part of property that needed to be replaced; second, that SBE's "work" included a contractual duty to "use all means necessary to protect material before, during, and after installation and to protect

the" switchgear; and third, that SBE's alleged failure to protect the switchgear was work performed *on* the switchgear. *See Glob. Modular, Inc. v. Kadena Pac., Inc.*, 222 Cal. Rptr. 3d 819, 828–29 (App. 4th Dist. 2017).

While it is disputed whether SBE actually failed to protect the switchgear, Palmer's allegations of SBE's liability are what create the potential liability under the insurance policy. *See All Green Elec., Inc. v. Sec. Nat'l Ins. Co.*, 231 Cal. Rptr. 3d 449, 454 (2018). Palmer alleged that the switchgear was exposed to water through an unsealed hole that SBE's employees drilled and that SBE's employees did not cover the switchgear with plastic or take any other protective measure. Given SBE's ongoing duty to protect the switchgear, these allegations are ones of incorrect work. And Palmer specifically alleged that it was SBE's failure to protect the switchgear that caused the damage and delays, even though SBE may have been otherwise contractually liable even if it did not perform incorrect work. Thus, Palmer's counterclaims allege that the switchgear needed to be repaired because SBE incorrectly performed work on it. So AIIC did not have a duty to defend or indemnify SBE because the claim was excluded under j(6). As the claim is excluded under j(6), we need not address exclusion j(5).

**AFFIRMED.**